IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RATEGENIUS LOAN SERVICES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:18-cv-00900 |
| | § | |
| FLEET FINANCIAL, INC., | § | |
| dba ILENDINGDIRECT, INC. | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S COMPLAINT AND APPLICATION FOR TEMPORARY AND PERMANENT INJUNCTIVE RELIEF

rateGenius Loan Services, Inc. ("rateGenius" or "Plaintiff") files this Complaint and Application for Temporary and Permanent Injunctive Relief ("Complaint") against Fleet Financial, Inc., dba iLendingDirect, Inc., ("iLendingDirect" or "Defendant").

## NATURE OF THE CASE

1. This is a suit to stop and redress Defendant's tortious interference with rateGenius's contractual rights and prevent Defendant, a direct competitor of rateGenius's, from possessing or using rateGenius's confidential information, including customer information and employee training. Defendant knowingly and intentionally recruited and hired—in violation of their contractual promises to rateGenius that they would not unfairly compete against rateGenius or wrongfully use or share rateGenius's confidential information—at least eight of rateGenius's employees to open an Austin, Texas branch of its Colorado-based business. It is undisputed that one of the former employees failed to return rateGenius's confidential information. Several others are known to have taken rateGenius's confidential information prior to and upon leaving employment with rateGenius. rateGenius's investigation in this regard is continuing.

## PARTIES

2. Plaintiff rateGenius is a Texas corporation authorized to do business in Texas with its main office at 9300 United Drive, Suite 180, Austin, Texas 78758.

3. Defendant, Fleet Financial, Inc., dba iLendingDirect, Inc., is a corporation organized under Colorado law with its principal place of business at 7257 S. Tucson Way, Englewood, CO 80112. Defendant can be served with process by its registered agent, Registered Agents, Inc., 7000 Lavaca St., Suite 1404, Austin, TX 78701.

## JURISDICTION AND VENUE

4. This Court has diversity jurisdiction of the action pursuant to 28 U.S.C. § 1332. This controversy is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

5. This Court has personal jurisdiction over Defendant. Defendant is registered with the Office of the Secretary of State of Texas to do business in Texas and is, in fact, doing business in Texas. It committed tortious acts against rateGenius in Texas.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391(b). The claim asserted in this action arose in this district; a substantial part of the activities, conduct, and/or damages giving rise to the claim occurred in this district; and Defendant has substantial contacts with this district.

## FACTS

7. rateGenius is a 19-year-old, Austin-based business in a highly competitive industry that matches consumers who seek to refinance their auto loans with lenders, and offers related ancillary products. rateGenius uses its innovative origination platform, together with its network of over 140 lending institutions nationwide, to shop multiple offers and present the best auto loan

refinancing option for consumers. Loan officers are rateGenius's sales force. rateGenius's loan officers act as liaisons between its consumer customers and its lender customers.

8. rateGenius has made substantial investments over the past 19 years, in areas such as (1) identifying lender customers who may be interested in participating in auto loan refinancing and related ancillary products with a partner such as rateGenius; (2) establishing relationships with, and onboarding, lender customers; and (3) managing relationships with lender customers, including maintaining awareness of their current requirements, preferences, dislikes, and procedures. The process of establishing a relationship with a lender customer is lengthy—it can take up to two years' time to successfully establish a customer relationship. In partnering with rateGenius, lender customers entrust rateGenius with their reputations. To gain and maintain lender customers' trust, rateGenius must establish that it will deliver quality service to consumer customers, maintain regulatory compliance, and ensure that sensitive information regarding the lender customer and consumer customers will be handled properly and confidentially. Association with rateGenius's goodwill in this regard, is valuable to loan officers.

9. Loan officers are provided with vast amounts of confidential information that belong to rateGenius and to third parties who provided information to rateGenius under obligations of confidentiality. This confidential information includes, but is not limited to: (1) the identity and contact information of rateGenius's lender customers; (2) the terms and conditions under which these lender customers participate in auto loan refinancing and related ancillary products—with information that includes things like the confidential circumstances under which lender customers may decide to make exceptions to their usual underwriting criteria and funding conditions; (3) the identity of, and financial and contact information regarding, consumer customers and potential

consumer customers; and (4) rateGenius's prices, forms, methods, software, marketing strategies and materials, and its future business plans.

10. Specialized training for loan officers is extensive and ongoing. Furthermore, rateGenius has made substantial investments over the past 19 years in developing its specialized training for loan officers in the context of auto loan refinancing and related ancillary products. rateGenius's Chief Lending Officer personally conducts some of the training for loan officers regarding regulatory compliance and decision-making by rateGenius's lender customers, such as their underwriting criteria. The Chief Lending Officer regularly trains loan officers on factors such as when a lender customer might make an exception to its usual requirements, and how to persuade lender customers (both in general and in particular) to make exceptions to facilitate a successful auto loan refinance transaction or offering of related ancillary products. Additionally, the National Sales Team, under the supervision of the Chief Lending Officer, trains loan officers on at least a monthly basis regarding specific information that relates to particular lending customers' underwriting criteria, with items such as their likes and dislikes, geographic availability, prices, and funding conditions. This specialized training that was developed by rateGenius and provided to its loan officers contains confidential information and trade secrets, and it empowers rateGenius with a significant competitive advantage in the business of auto loan refinancing and related ancillary products.

11. In exchange for providing loan officers with confidential information, specialized training needed to do their jobs, and the opportunity to form relationships with both its consumer customers and lender customers, and to protect its legitimate business interests, rateGenius requires and relies on, as a condition of employment, that loan officers enter certain agreements. Among other things, the agreements include promises by loan officers not to unfairly compete

against rateGenius or interfere with its relationships with its employees for 12 months following the termination of their employment within a reasonable geographic area, and not to ever use or disclose rateGenius's Confidential Information, including trade secrets, except to benefit rateGenius or pursuant to the written authorization of the Board of Directors (collectively, the "Post-Employment Obligations").

12. As of April 11, 2018, and possibly earlier, iLendingDirect was aware of rateGenius's practice to require employees, including loan officers, to enter into agreements with Post-Employment Obligations. Attached as Exhibit 1 is a copy of a letter and the enclosed agreement emailed by rateGenius's counsel to iLendingDirect on April 11, 2018.

13. Despite knowing that rateGenius employees are subject to Post-Employment Obligations, iLendingDirect recruited rateGenius loan officers in July or August 2018, and, in September 2018, hired at least eight rateGenius loan officers.

14. On September 11, 2018, rateGenius sent, though its counsel and via email, another letter to iLendingDirect expressing its concern that its confidential information and contractual rights were in jeopardy, and including copies of its agreements with Dimas Garcia, John Hubbard, Taylor Johnson, Nathaniel Lang, George Sullins, and Andrew Sulski. To date, rateGenius has not received any response or acknowledgment from iLendingDirect. Copies of this letter and the enclosed agreements are attached as Exhibit 2.

15. Just days later, two more rateGenius loan officers resigned without notice: Ricardo Reyes on September 13, 2018, and Anthony Hubbard on September 17, 2018.

16. In connection with a separate proceeding, Andrew Sulski was deposed by counsel for rateGenius on October 12, 2018. At that time, Mr. Sulski admitted that he was working for iLendingDirect in Austin, Texas and in the same role he performed for, and was trained to perform

by, rateGenius. (*Exhbit 3, Deposition of Andrew Sulski* ("*Sulski Depo*.") at 17:15-20; 53:19-54:20). Mr. Sulski also testified that Dimas Garcia, John Hubbard, Anthony Hubbard, Taylor Johnson, Nathaniel Lang, Ricardo Reyes, and George Sullins were also working for iLendingDirect in Austin, Texas. (*Sulski Depo*. at 58:17-59:6).

17. Mr. Sulski further testified that he spoke with iLendingDirect employee John Burns (who formerly worked as a loan officer for rateGenius in Austin, Texas) about the possibility that iLendingDirect would open an Austin office if enough rateGenius employees left. (*Sulski Depo*. at 61:8-63:8). Further, Mr. Sulski and Mr. Burns discussed the legality of Mr. Sulski working for iLendingDirect and, without consulting a lawyer, they concluded that doing so would be lawful, even if Mr. Sulski had signed a noncompete agreement. (*Sulski Depo*. at 63:9-65:2).

18. Mr. Burns, like Messrs. Garcia, J. Hubbard, A. Hubbard, Johnson, Lang, Reyes, Sullins, and Sulski, entered an agreement with rateGenius containing Post-Employment Obligations. A copy Mr. Burns' is attached as Exhibit 4. Mr. Burns promised, without any temporal limitation, that he would not use rateGenius's confidential information except to benefit rateGenius or with written authorization from the Board of Directors. *Id*. at ¶ 2(a)(ii). Having separated from rateGenius on December 14, 2017, Mr. Burns is, and was when he recruited Mr. Sulski (and possibly others) to leave rateGenius and go to work for iLendingDirect, still within his Post-Employment Obligation 12-month period applicable to his promise not to "solicit, induce, recruit or encourage" any rateGenius employees to leave their employment." *Id*. at ¶ 7.

19. Mr. Sulski admitted in his deposition that during his employment he saved certain rateGenius confidential information on his personal Google accounts and had access to rateGenius files via his personal Google account or accouts. (*Sulski Depo*. at 35:12-37:4). Mr. Sulski also admitted that he retained knowledge of certain business information of rateGenius's in his head.

(*Sulski Depo* at 42:11-43:5). Further, Mr. Sulski testified that it would be "impossible" for him to keep his promise not to use rateGenius's confidential information and training in his employment with iLendingDirect. (*Sulski Depo*. at 57:16-58:15).

**COUNT I – TORTIOUS INTERFERENCE WITH CONTRACT**

20. rateGenius incorporates the foregoing paragraphs of its Complaint as if fully set forth herein.

21. iLendingDirect was aware of rateGenius's practice to require employees, including loan officers, to enter into agreements with Post-Employment Obligations as of April 11, 2018, if not earlier. Nevertheless, it knowingly and intentionally hired Messrs. Garcia, J. Hubbard, Johnson, Lang, and Sulski before or on September 11, 2018, thereby tortiously interfering with their respective agreements with rateGenius not to unfairly compete against it for a 12-month period in Travis County. rateGenius has suffered injuries proximately caused by iLendingDirect's interference with its contracts with Messrs. Garcia, J. Hubbard, Johnson, Lang, Sullins, and Sulski.

22. On September 11, 2018, rateGenius (through counsel) emailed iLendingDirect copies of its agreements with Messrs. A. Hubbard and Reyes. Despite having been sent copies of these rateGenius employees' agreements, iLending hired Mr. Reyes on or after September 13, 2018, and Mr. A. Hubbard on or after September 17, 2018. Accordingly, iLendingDirect knowingly, intentionally, and tortiously interfered with their respective agreements with rateGenius not to unfairly compete against it for a 12-month period in Travis County. rateGenius has suffered injuries proximately caused by iLendingDirect's interference with its contracts with Messrs. A. Hubbard and Reyes.

23. By requiring, instructing, or allowing Mr. Burns to recruit rateGenius's employees or to use rateGenius's confidential information to further such recruitment, or both, iLendingDirect

tortiously interfered with rateGenius's contract with Mr. Burns. rateGenius has suffered injuries proximately caused by iLendingDirect's interference with its contract with Mr. Burns.

24. iLendingDirects' tortious interference with rateGenius's contractual rights has caused, and will continue to cause until restrained, imminent, irreparable, incalculable damages for which monetary relief is inadequate.

25. It is possible that iLendingDirect is continuing to recruit rateGenius's employees and thereby tortiously interfering with more of rateGenius's contracts. Discovery is needed to shed light on this issue. rateGenius hereby gives notice that should this be the case, it will seek a temporary restraining order to stop it.

26. It is possible that Messrs. Burns, Garcia, J. Hubbard, A. Hubbard, Johnson, Lang, Reyes, Sullins, and Sulski (or any of them) have provided rateGenius's confidential information to iLendingDirect, or that iLendingDirect is using rateGenius's confidential information to unfairly compete against rateGenius, or both. Discovery is needed to determine if iLendingDirect has tortiously interfered with the promises made by Messrs. Burns, Garcia, J. Hubbard, A. Hubbard, Johnson, Lang, Reyes, Sullins, and Sulski not to use rateGenius's confidential information except to benefit rateGenius or with written authorization by the Board of Directors. rateGenius hereby gives notice that should this be the case, it will seek a temporary restraining order to protect rateGenius's confidential information.

27. rateGenius hereby demands a jury trial.

## JURY DEMAND

WHEREFORE, Plaintiff, rateGenius, prays this Court:

1. Grant a preliminary and permanent injunction enjoining and restraining Defendant, its employees, representatives, agents, and all persons or entities acting in concert with them, during the pendency of this action and thereafter perpetually from:

    a. Interfering with rateGenius's contracts with Messrs. Burns, Garcia, J. Hubbard, A. Hubbard, Johnson, Lang, Reyes, Sullins, and Sulski, and any other current or former employee of Plaintiff's;

    b. Disclosing, reviewing, copying, duplicating, disseminating, discussing, accessing, or using in any way any confidential information of Plaintiff's or any derivative of such confidential information;

2. Award Plaintiff damages, including but not limited to, compensatory damages, lost profits, disgorgement of Defendant's profits, interest and exemplary damages;

3. Award Plaintiff prejudgment and postjudgment interest;

4. Order Defendant to account for, hold in constructive trust, pay over to Plaintiff, and otherwise disgorge all profits realized by Defendant during the period of their unlawful conduct and unjust enrichment, as permitted by law; and

5. Award Plaintiff such other and further relief as the Court deems just and proper.

Dated: October 19, 2018

Respectfully submitted,

*/s/ Ann Abrams Price*

Ann Abrams Price
State Bar No. 16283850
Steven H. Garrett
State Bar No. 24073473
Kristin J. Aldred
State Bar No. 24050831
BOULETTE GOLDEN & MARIN L.L.P.
2801 Via Fortuna, Suite 530
Austin, Texas 78746
(512) 732-8904 – telephone
(512) 732-8905 – facsimile
ann@boulettegolden.com
steven@boulettegolden.com
kristin@boulettegolden.com

**ATTORNEYS FOR PLAINTIFF, RATEGENIUS LOAN SERVICES, INC.**